UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HAZELWOOD LOGISTICS CENTER, LLC,  )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     No. 4:13-CV-2572 CAS
                                  )
ILLINOIS UNION INSURANCE COMPANY, )
                                  )
          Defendant.              )

## ORDER CONCERNING REMOVAL

This matter is before the Court on review of the file following removal. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002).

Plaintiff initially filed suit in the Circuit Court of St. Louis County, State of Missouri. The petition alleges state law claims for breach of an insurance contract. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii) (2011); Ratermann v. Cellco P'ship, 2009 WL 1139232,

at *3 (E.D. Mo. Apr. 28, 2009).  The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied.  Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).  "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]"  Id.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants.  Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991).  To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business.  Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a).  For limited liability companies such as plaintiff, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction.  GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("GMAC").  In the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed.  Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citing 28 U.S.C. § 1447(e)).

Defendant's removal notice is procedurally defective because it does not allege sufficient facts to establish the Court's jurisdiction over this matter.  Defendant's Notice of Removal contains no allegations as to the relevant jurisdictional facts concerning plaintiff's citizenship: the state(s) of which each of its members were citizens at the time the petition was filed and at the time of removal, as required by the Eighth Circuit's GMAC and Ryan cases.  For members that are limited liability companies, information concerning their underlying members must be alleged.

Additionally, defendant's notice of removal states that plaintiff "issued the Summons to Saverio Rocca, Assistant General Counsel for ACE USA Companies, on November 6, 2013." See Notice of Removal at ¶ 3.  Defendant does not state when it was served with the Summons and Petition, but rather states conclusively that "notice of removal of this case is timely, as notice was filed within thirty days of receipt of the Petition." Id. at ¶ 4.  The record reflects that defendant filed its notice of removal on December 24, 2013.  Without any indication as to when defendant was served, the Court is unable to determine whether defendant's notice of removal is timely.

The Court will grant defendant fourteen (14) days in which to file an amended Notice of Removal alleging facts relative to timeliness and the existence of the requisite diversity of citizenship of the parties.  Consistent with 28 U.S.C. § 1446(a), which requires that the notice of removal contain a "short and plain statement" of the grounds for removal and be signed pursuant to Rule 11, Federal Rules of Civil Procedure, this Order requires only allegations of the requisite jurisdictional facts.  Defendant's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by **January 10, 2014**, defendant shall file an Amended Notice of Removal which shall allege facts establishing the timeliness of the notice and the state(s) of citizenship of each of plaintiff's members, both at the time of filing and the time of removal.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply with this order, this matter will be remanded to the state court from which it was removed, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of December, 2013.