UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAZELWOOD LOGISTICS CENTER LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-2572 CAS |
| ) | |
| ILLINOIS UNION INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on plaintiff Hazelwood Logistics Center, LLC's motion to remand this action to the Circuit Court for St. Louis County, Missouri. For the following reasons, the Court concludes that plaintiff's motion to remand should be granted.

**Background**

Plaintiff filed this insurance coverage dispute against its insurer, defendant Illinois Union Insurance Company, in the Circuit Court of St. Louis County. Plaintiff seeks coverage under its insurance policy for remediation costs for methane gas found on 150 acres of property it owns located in Hazelwood, Missouri. On December 24, 2013, defendant removed the action to this Court based on diversity jurisdiction.[1] Plaintiff moves to remand, stating that its insurance policy contains a Service of Suit Endorsement, which precludes defendant from removing the case to federal court.

---

[1]On December 27, 2013, the Court issued an Order Concerning Removal. The Order Concerning Removal noted various procedural deficiencies in the Notice of Removal, stayed the case, and ordered defendant to amend its Notice of Removal to cure the procedural defects. Defendant filed its amended notice of removal on January 2, 2014. The Court lifted the stay, and shortly thereafter plaintiff filed its motion to remand.

**Discussion**

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998).

Plaintiff's insurance policy contains both a Jurisdiction and Venue clause and a Service of Suit Endorsement. See Petition, Ex. A, (found at Doc. 20-1), at 9 and 37. The Jurisdiction and Venue clause states as follows:

> **J.** Jurisdiction and Venue
>
> It is agreed that in the event of the failure of the Insurer to pay any amount claimed to be due hereunder, the Insurer and the "insured" will submit to the jurisdiction of the State of New York and will comply with all requirements necessary to give such court jurisdiction. Nothing in this clause constitutes or should be understood to constitute a waiver of the Insurer's right to remove an action to a United States District Court.

Id. at 9.

The Service of Suit Endorsement states in relevant part:

> **THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.**
>
> . . .
>
> If the insured requests, the [insurance] company will submit to the jurisdiction of any court of competent jurisdiction. The company will accept the final decision of that court or any Appellate Court in the event of an appeal.
>
> . . .
>
> NOTHING HEREIN CONTAINED SHALL BE HELD TO VARY, ALTER, WAIVE OR EXTEND ANY OF THE TERMS, CONDITIONS, OR LIMITATIONS

OF THE POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED OTHER THAN AS ABOVE STATED.

Id. at 37.

Plaintiff argues that the Service of Suit Endorsement waives defendant's right to remove this action, and cites for support Russell Corp. v. American Home Assurance Company, 264 F.3d 1040, 1047 (11th Cir. 2001). In Russell, the Eleventh Circuit interpreted a nearly identical Service of Suit clause, and held that the insurer waived its right to consent to removal when it issued the policy containing a service of suit clause.[2] As the Eleventh Circuit stated, federal courts examining such language have consistently held such language waives the right to remove:

> [E]very federal court (excluding those addressing removal under the Foreign Sovereign Immunities Act) interpreting this clause has determined that language essentially identical to that contained in the [insurer's] policy constitutes a waiver of the right to remove. Thus, the collective holdings of all federal courts that have addressed similar service of suit clauses would support a remand in this case because [the insurer] consented to be sued in any jurisdiction chosen by [the insured] thereby waiving its right to remove this case to federal court.

Id. at 1047 (internal citations omitted).

Although the Eighth Circuit and this Court do not appear to have addressed the issue, at least two district courts in the Eighth Circuit have agreed that by executing an insurance policy with a Service of Suit clause, the insurer waives the right to remove the case to federal court. See, e.g., Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 1996 WL 938126, *3 (W.D. Mo. June 10, 1996) ("As a matter of contract interpretation, this court has determined that the legal effect of the [service of suit] clause contained in the reinsurance agreements at issue is to waive defendants right to remove."); Murphy Oil USA, Inc. v. United States Fid. & Guar. Co., 1992 WL 465701, *3

---

[2]As a preliminary matter, the Eleventh Circuit examined its appellate jurisdiction, and found that the district court's remand order was reviewable. For this discussion, see Russell, 264 F.3d at 1040-46.

(W.D. Ark. Dec. 21, 1992) ("[T]he Court finds that the language contained in the agreement whereby ICI agrees to submit to 'any Court of competent jurisdiction within the United States' is unambiguous and, constitutes a waiver of ICI's right to remove.").

Defendant attempts to distinguish Russell and its antecedent cases, stating that the Service of Suit clause in Russell did not include the limiting language found in Section J of the plaintiff's policy, which states, "Nothing in this clause constitutes or should be understood to constitute a waiver of the insurer's right to remove an action to a United States District Court."[3] Defendant states that the Service of Suit Endorsement did not expressly replace this language of Section J. (Def. Opp'n at 4). Without citing any case law or other support, defendant argues that the Service of Suit Endorsement does not expressly state that it substitutes for the Jurisdiction and Venue clause of subsection J, and therefore it does not waive any rights under the policy.

The Court finds defendant's argument meritless. In plaintiff's policy, the service of suit endorsement expressly and conspicuously states that it changes the policy. "**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**." Petition, Ex. A at 37 (emphasis in original). Under Missouri law, if the language of the endorsement and the general provisions of the policy conflict, the endorsement will prevail, and the policy remains in effect as altered by the endorsement. See Abco Tank & Mfg. Co. v. Federal Ins. Co., 550 S.W.2d 193, 198 (Mo. 1977) (citing Linenschmidt v. Continental Cas. Co., 204 S.W.2d 295, 300 (Mo. 1947)). "Endorsements, of course, supplant conflicting general provisions in the main body of a contract." Union Elec. Co. v. AEGIS Energy Syndicate 1225, 713 F.3d 366, 368 (8th Cir. 2013)

---

[3]The Court cannot confirm defendant's assertion that the policy at issue in Russell did not include the language found in Section J of plaintiff's policy. Defendant did not quote or attach the insurance policy at issue in Russell. The only policy language quoted by the Eleventh Circuit in the Russell opinion was the Service of Suit clause. See Russell, 264 F.3d at 1042-43.

(per curiam) (citing Abco, 550 S.W.2d at 198). Here, the endorsement supplants the conflicting general provision in subsection J regarding Jurisdiction and Venue. Courts have routinely interpreted the Service of Suit Endorsement to waive the insurer's right to remove the case to federal court.

Defendant executed an insurance policy that contained a Service of Suit Endorsement whereby it agreed "to submit to the jurisdiction of any court of competent jurisdiction" at the request of the insured. The Court finds that this language constitutes a waiver of defendant's right to remove. The Court will remand the matter to the Circuit Court of St. Louis County, Missouri. The Court will deny plaintiff's request for attorneys' fees.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Hazelwood Logistics Center, LLC's motion to remand the cause to the Circuit Court of the County of St. Louis is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the County of St. Louis, State of Missouri.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of February, 2014.